IN THE UNITED STATES COURT SOUTHERN
DISTRICT OF FLORIDA

Case No.

UBS FINANCIAL SERVICES INC.,

        Petitioner,

v.

KARIM MASKATIYA, Individually and
as Trustee of the KARIM MASKATIYA
REVOCABLE TRUST; and MAM 1
PROPERTIES LLLP,

        Respondents.

_____/

## PETITION IN THE FORM OF A MOTION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF FINAL JUDGMENT CONFIRMING <u>ARBITRATION AWARD AND AWARDING ATTORNEY'S FEES</u>

Petitioner UBS Financial Services Inc. ("UBS" or "Petitioner") submits this Petition and respectfully requests the Court to confirm an Arbitration Award entered by a panel of Financial Industry Regulatory Authority, Inc. ("FINRA") arbitrators, and award attorney's fees and costs to Petitioner under Section 57.105 of the Florida Statutes and New York Civ. R. R. § 130-1.1 (a)-(b).

In support of this Petition, UBS states:

1.      This case comes to this Court after entry of an arbitration award by a panel of FINRA arbitrators. The arbitration award is dated January 27, 2022. A copy of the arbitration award is attached as Exhibit A.

2.      UBS brings this action under Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to confirm the arbitration award. UBS also seeks an award of its attorney's fees and costs related to the arbitration proceeding.

Case No.

## Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. 1332(a) as the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

4. Under 28 U.S.C. 1332(c)(1), a corporation is a citizen of its state of incorporation and where its principal place of business is located.

5. Petitioner UBS Financial Services, Inc. is incorporated in the State of Delaware, with its principal place of business located in Weehawken, New Jersey. UBS is a registered broker-dealer with the Securities and Exchange Commission and is a member of FINRA (CRD #8174).

6. Respondent Karim Maskatiya ("Mr. Maskatiya") is citizen of the State of Florida. Additionally, the Karim Maskatiya Revocable Trust ("the Trust") is organized under the laws of the State of Florida. Mr. Maskatiya is sued individually and as Trustee of the Trust.

7. Respondent MAM 1 Properties LLLP ("MAM 1") is a Limited Liability Limited Partnership organized under the laws of the State of Florida. The General Partner of Respondent MAM 1 Properties LLLP is KM 1 Properties, LLC, a Florida Limited Liability Company. Respondent Karim Maskatiya is the owner of KM 1 Properties, LLC.

8. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. UBS seeks a judgment, upon confirmation of the subject arbitration award, of its attorney's fees and costs incurred in the underlying arbitration. The amount of those attorney's fees is $945,000; the amount of those costs is $12,100.

9. Venue is proper in this Court under 28 U.S.C. §1391 because FINRA maintains its Southeast Regional Offices in Boca Raton in Palm Beach County, Florida, where the arbitration hearing was held. Venue also is proper in this Court under 9 U.S.C. §9 because the Arbitration

Case No.

Award was made in Boca Raton, Palm Beach County, Florida, which is located within the U.S. District Court for the Southern District of Florida.

10.     Under 9 U.S.C. §12, the time for filing a notice of motion to vacate, modify or correct an award is within three months after the arbitration award is filed or delivered.

11.     The Arbitration Award was entered and served on January 27, 2022. Mr. Maskatiya, the Trust and MAM 1 had until April 27, 2022 to file a notice to vacate, modify or correct the Arbitration Award and the time for doing so has expired.

12.     No party to the arbitration has asked a court of competent jurisdiction to confirm, vacate, or modify the Award upon any grounds specified in Federal Arbitration Act, 9 U.S.C. §§ 9, 10 or 11 of the Federal Arbitration Act.

## Background Facts

13.     In 2008, upon opening accounts at UBS, Mr. Maskatiya, individually and as Trustee of the Trust, and MAM 1 entered into a Client Relationship Agreement. (Exhibit B). [1]

14.     The Client Relationship Agreement contained an arbitration clause expressly stating "any arbitration under this Agreement shall be held under and pursuant to and be governed by the Federal Arbitration Act…and judgment upon the award rendered may be entered in any court of competent jurisdiction." (Exhibit B, p.14).[2]

15.     The Client Relationship Agreement between UBS and Mr. Maskatiya, the Trust and MAM 1, including the Arbitration Agreement, is governed by New York law.  (Exhibit B, p. 13).

---

[1] Exhibit B consists of a copy of the UBS Client Relationship Agreement for an account in the name of MAM 1 Properties LLLP, plus signature pages for accounts of Karim Maskatiya and The Karim Maskatiya Revocable Trust, all of whom were the Claimants in the FINRA Arbitration.
[2] The page number is located in either the lower or lower right hand of the page.

Case No.

### The FINRA Arbitration

16.     On October 29, 2020, a Statement of Claim was filed with FINRA by Mr. Maskatiya, individually and as Trustee of the Trust, and MAM 1, as Claimants, initiating an arbitration proceeding against UBS and three of its Financial Advisors under the FINRA Code of Arbitration Procedure for Customer Disputes. The arbitration was captioned, *Karim Maskatiya, individually and as Trustee of the Karim Maskatiya Revocable Trust; and MAM 1 Properties LLP vs. UBS Financial Services Inc.,* FINRA Case No. 20-03677 ("the Arbitration").

17.     On February 26, 2021, UBS filed its Answer to the Statement of Claim ("Answer"). In the Answer, Petitioner denied all allegations of misconduct and requested all attorney's fees and FINRA forum fees be assessed against Mr. Maskatiya, individually and as Trustee of the Trust, and MAM 1, as Claimants.  UBS also submitted a Counterclaim in the Arbitration, expressly seeking attorney's fees, on February 26, 2021 (more than 21 days before the commencement of the hearing).

18.     FINRA designated a panel consisting of three arbitrators to hear and decide the Arbitration.  Notice of the designation of the panel of arbitrators was given to the parties, who accepted the panel as appointed by FINRA.

19.     On November 11, 2021, the parties filed a Joint Motion for Virtual Hearings. The panel issued an Order in which it granted the Joint Motion for Virtual Hearings on November 16, 2021.

Case No.

20.     On December 17, 2021, UBS sought attorney's fees related to the Arbitration hearing under the legal authority of New York Civ. R. R. §130.1.1 (a)-(b) and § 57.105(1), Fla. Stat. (2021),  in its Pre-Hearing Brief filed in the arbitration, based on the frivolous claims brought by Mr. Maskatiya, the Trust, and MAM 1.

21.     The arbitration hearing took place in Boca Raton, Florida, on January 18-21, 2022. During the evidentiary hearings, Mr. Maskatiya, the Trust and MAM 1, the Claimants, and UBS stipulated to the dismissal of the allegations contained in paragraphs 14, 15 and 67-82 of the Amended Statement of Claim. Mr. Maskatiya, the Trust and MAM 1, the Claimants, also voluntarily dismissed Counts V (Failure to Supervise) and VI (Fraud) of the Amended Statement of Claim.

22.     At the close of the arbitration hearing, UBS requested an award of attorney's fees be assessed against Mr. Maskatiya, the Trust and MAM 1, the Claimants, for attorney's fees as expressly authorized by Florida and New York Law.

23.     After considering the pleadings, the testimony and the documentary evidence, the Panel executed and acknowledged the arbitration award, dated January 27, 2022, which, in full and final resolution of the issues submitted for determination, unanimously denied the claims brought by Mr. Maskatiya, the Trust and MAM 1 in their entirety. Significantly, the Panel unanimously found "that the claims when initially presented to the Panel were not supported by the material facts necessary to establish the claims or would not be supported by the application of then-existing law to those material facts." (Exhibit A at p. 2-3, ¶3).  This unanimous finding tracked the precise language set forth in the Section 57.105 of the Florida Statutes, requisite for an award of attorney's fees, thereby reflecting the Panel's unanimous considered judgment that UBS had established the statutory grounds requisite for an award of attorney's fees.

Case No.

24.     The Panel also recommended the expungement of all references to the arbitration (Occurrence Numbers 2098042-Kaplan, 2098041-Gouraige, and 2098039-Ravinet) from registration records maintained by the CRD for UBS Financial Advisors Kaplan, Gouraige, and Ravinet.

25.     Under FINRA Rule 12805 of the Code of Arbitration Procedure, the Panel made the following FINRA Rule 2080 affirmative findings of fact:   "The claim, allegation, or information is factually impossible or clearly erroneous; and The claim, allegation, or information is false."   The Panel ruled that credible testimony, combined with the documentary evidence, exonerated UBS Financial Advisors Kaplan, Gouraige and Ravinet. (Exhibit A, p. 4, ¶3).

26.     The arbitrators signed, and FINRA served, the arbitration award, on January 27, 2022.

## Award of Attorney's Fees

27.     The Panel did not believe it could award attorney's fees under Section 57.105 of the Florida Statutes or under New York law, and referred the issue of attorney's fees to a court of competent jurisdiction to enforce the award. (Exhibit A, p. 3-4, ¶2).

28.     As Florida's Second District Court of Appeal has held, where the Federal Arbitration Act governs an arbitration agreement, a court may award attorney's fees under Florida law. *Orkin Exterminating Co. v. Petsch,* 872 So. 2d 259, 263 (Fla. 2d DCA 2004).

29.     Under Section 57.105(1) of the Florida Statutes, "upon the court's initiative or motion of any party, the court shall award a reasonably attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing part or the losing party's attorney knew or should have known that

Case No.

a claim or defense when initially presented to the court or at any time before trial: (a) **was not supported by the material facts necessary to establish the claim or defense**; or (b) would not be supported by the application of then-existing law to those material facts." (emphasis added) §57.105(1), Fla. Stat. (2021).

30.     Under New York Civ. R. R. § 130-1.1(a)-(b), a court may award costs and attorney's fees, and impose sanctions, for frivolous conduct, which is defined as "completely without merit in law and [not] supported by a reasonable argument for an extension, modification or reversal of existing law;" "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another;" "or [asserting] material factual statements that are false." New York Civ. R. R. § 130-1.1(c).

31.     The Panel unanimously found "that the claims when initially presented to the Panel were not supported by the material facts necessary to establish the claims or would not be supported by the application of then-existing law to those material facts." (Exhibit A at p. 2-3, ¶3). As noted above, this unanimous finding tracked the precise language set forth in the Section 57.105 of the Florida Statutes, requisite for an award of attorney's fees, thereby reflecting the Panel's unanimous considered judgment that UBS had established the statutory grounds requisite for an award of attorney's fees.

32.     Notably, UBS previously informed Mr. Maskatiya, the Trust and MAM 1, the Claimants, in the Counterclaim that the claims could not be supported. Even after discovery proved UBS had acted reasonably and lawfully at all times, Mr. Maskatiya, the Trust and MAM 1 chose to continue the litigation

33.     Under Florida law, a case is frivolous if it is (a) completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of

existing law; (b) contradicted by overwhelming evidence; (c) undertaken primarily to delay or prolong the resolution of the litigation, or to harass or malicious injure another; or (d) asserting material factual statements that are false. *Aspen Air Conditioning, Inc. v. Safeco Ins. Co. of Am.*, 170 So. 3d 892, 896-98 (Fla. 3rd DCA2015) (awarding defendant attorney's fees for defending frivolous litigation).

34.     During the evidentiary hearings, counsel for Mr. Maskatiya, the Trust and MAM 1 stipulated to the dismissal of the allegations relating to the COFINA Bonds, forgery and transfer bonuses contained in paragraphs 14, 15, and 67-82. Additionally, Claimants voluntarily dismissed Counts V (Failure to Supervise) and VI (Fraud) of the amended statement of claim.

35.     The dismissal of these claims in paragraphs 14, 15 and 67-82 equated to dismissal of the liability of the financial advisors, the claim of inadequate supervision, the claim of lack of informed consent to engage third parties to manage the accounts, and the unsuitability claim regarding COFINA Bonds.

36.     The Panel decided the three remaining issues submitted for determination and held "the claims when initially presented to the Panel **were not supported by the material facts necessary to establish the claims** or would not be supported by the application of the then-existing law to those material facts." (Exhibit A, p. 3-4, ¶2) (emphasis added). In addressing the claims against the UBS Financial Advisors, the Panel described the claims as "factually impossible or clearly erroneous" and "false." (Exhibit A, p.4, ¶23

37.     It is evident from the dismissal of claims by Mr. Maskatiya, the Trust and MAM 1 prior to the hearing, and the findings in the Panel's Award regarding the lack of any factual or legal support for the claims, that Mr. Maskatiya, the Trust and MAM 1, the Claimants in the arbitration, and their counsel, knew the claims brought against UBS were frivolous, meritless, and

Case No.

unsupported by existing evidence and material facts to establish the claims at the beginning and throughout the arbitration.

38.     Petitioner respectfully requests this Court enter an award of attorney's fees against Mr. Maskatiya, the Trust and MAM 1, under Section 57.105 of the Florida Statutes and  New York Civ. R. R. § 130-1.1 (a)-(b) in the amount of $945,000.00 (plus costs).

**WHEREFORE**, Petitioner UBS Financial Services Inc., seeks an order confirming the Award, directing that judgment be entered upon the Award in this Court, and awarding UBS its attorney's fees and costs in the arbitration, and for any further relief this Court may deem just and proper.

Respectfully submitted,

Dated:  May 26, 2022          By:     /s/ *Alex J. Sabo*
Alex J. Sabo, Esq.
Florida Bar No. 262821
BRESSLER, AMERY & ROSS, P.C.
200 S. Biscayne Blvd., Suite 2401
Miami, FL  33131
Telephone: 305-501-5480
Email: asabo@bressler.com
*Counsel for Petitioner UBS Financial Services Inc.*