UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80784-Civ-MIDDLEBROOKS/MATTHEWMAN

UBS FINANCIAL SERVICES, INC.,

    Plaintiff,

vs.

KARIM MASKATIYA, et al.,

    Defendants.
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON RESPONDENTS' MOTION TO DISMISS PETITIONER'S CLAIM FOR ATTORNEYS' FEES [DE 15]

**THIS CAUSE** is before the Court upon Respondents', Karim Maskatiya, individually and as Trustee of Karim Maskatiya Revocable Trust ("Maskatiya"), and MAM 1 Properties LLLP's ("MAM") (collectively, "Respondents") Motion to Dismiss Petitioner's Claim for Attorneys' Fees ("Motion") [DE 15]. This matter was referred to the Undersigned United States Magistrate Judge by the Honorable Donald M. Middlebrooks, United States District Judge. *See* DE 24. Petitioner, UBS Financial Services Inc. ("Petitioner") has filed a response [DE 20], and Respondents have filed a reply [DE 23]. For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Respondents' Motion.

### I.    BACKGROUND

On January 27, 2022, FINRA Dispute Resolution Services entered an Arbitration Award [DE 1–1] finding in favor of Petitioner and against Respondents. The Panel explained that, while Respondents' claims were not "supported by the material facts necessary to establish the claims or

1

[ ] supported by the application of the then-existing law to those material facts," the Panel did not believe it could award fees under section 57.105, Florida Statutes, or under New York law "on the evidence presented." *Id.* at 4–5. The Panel referred the attorneys' fees issue to "a court of competent jurisdiction in any action to enforce this award." *Id.* at 5. The Panel expressly found that Respondents' claims and allegations were "factually impossible or clearly erroneous" and "false." *Id.*

On May 26, 2022, Petitioner filed a Petition in the Form of a Motion to Confirm Arbitration Award and for Entry of Final Judgment Confirming Arbitration Award and Awarding Attorney's Fees ("Petition") [DE 1]. In that Petition, Petitioner seeks an award of attorneys' fees and costs under section 57.105, Florida Statutes, and New York Civ. R. R. § 130-1.1 (a)–(b). *Id.* at 1. The total attorneys' fees award sought is $945,000.00 (plus costs). *Id.* at 9.

## II.  MOTION, RESPONSE, AND REPLY

### A.  Respondents' Motion

Respondents do not object to the Court's confirmation of the Arbitration Award. Respondents are solely seeking to dismiss the "aspect of" Petitioner's Petition "in which it seeks sanctions in the form of an award of its attorneys' fees and costs incurred in arbitration." [DE 15 at 1]. Respondents contend that, under Florida law, Petitioner cannot state a claim for attorneys' fees and costs pursuant to section 57.105, Florida Statutes, because Respondents did not comply with the procedural safe harbor provision. *Id.* at 6–9. Respondents also argue that "the parties submitted requests for attorneys' fees to the Arbitration panel, and in turn, expressly waived their rights to have a court determine the issue." *Id.* at 9. They explain that the "[a]rbitration panel was authorized to impose sanctions under Section 57.105 but did not do so, and the Panel's

2

"misinterpretation, misstatement, or misapplication" of the law "would still not serve as a predicate for this court to vacate or modify the Award, even if the Plaintiff had timely applied to this Court for such relief." *Id.* at 14. Finally, Respondents assert that the Petition should be dismissed for failing to join indispensable parties pursuant to Fed. R. Civ. P. 12(b)(7) since Petitioner failed to join Respondents' counsel in the arbitration. *Id.* at 15.

### B. Petitioner's Response

In response, Petitioner argues that Respondents have not challenged its request for an attorneys' fee award under New York law. [DE 20 at 1]. Next, it asserts that Respondents did, in fact, receive proper notice that Petitioner was seeking an award of attorneys' fees under section 57.105, Florida Statutes, more than 21 days prior to the arbitration hearing by way of both Petitioner's Counterclaim and Pre-Hearing Brief. *Id.* at 2. Petitioner explains that the arbitration was governed by FINRA Code of Arbitration Procedure, and the FINRA code does not require that motions be in any particular form. *Id.* at 3. According to Petitioner, the parties "expressly agreed that New York law governs the arbitration," so New York law "applies to an award of attorney's fees because the parties agreed to interpret their contracts under New York law." *Id.* at 6. Petitioner argues that it did not fail to join an indispensable party under either Florida law or New York law. *Id.* at 7–9. Finally, it explains that the Panel referred the attorneys' fees analysis to the Court because section 57.105, Florida Statutes, "speaks in terms of the Court making an award of attorneys' fees. It does not speak in terms of the arbitrators making such an award." *Id.* at 9. The same is true of the pertinent New York code section. *Id.*

### C. Respondents' Reply

In reply, Respondents repeat their arguments from the Motion. [DE 23 at 2]. Respondents

3

assert that Petitioner, in its response, "essentially affirms all the grounds for dismissal raised by Respondents, in particular that the arbitration panel accepted UBS's submission(s) during the arbitration proceedings in which it requested sanctions under Fla. Stat. 57.105, and address[es] it in its award, in which the arbitration panel declined to award attorneys' fees and did not otherwise make a finding of entitlement." *Id.* at 3–4. Respondents argue that the "arbitrators' potential misunderstanding of their ability to award attorneys' fees pursuant to Florida law (or New York law, for that matter) does not mean that this Court has the ability to award such relief to Petitioner." *Id.* at 4. Respondents claim that Petitioner "cannot commence this action seeking sanctions under Fla. Stat. §57.105, but argue that New York law is what the parties agreed to govern their dispute in the arbitration, and then seek an award of attorneys' fees under New York law." *Id.* at 6. According to Respondents, Petitioner's claim for attorneys' fees under New York law "also fails because it does not apply to arbitration proceedings or actions over which federal courts preside due to diversity jurisdiction." *Id.*

### III. RELEVANT LAW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.

## IV.    ANALYSIS

As a preliminary matter, the Court notes that the parties recite both New York and Florida law in their papers. In light of the parties' apparent confusion of the applicable law and the Arbitration Panel's citation to law from *both* states, the Court will address attorneys' fees utilizing both New York and Florida law in abundance of caution.

### Attorneys' Fees under New York Law

Title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York, § 130-1.1, authorizes courts to award costs and sanctions for frivolous conduct in civil litigation. *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 130-1.1. Section 130-1.1 specifically states as follows:

> (a) The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Subpart. This Part shall not apply to town or village courts, to

proceedings in a small claims part of any court, or to proceedings in the Family Court commenced under article 3, 7 or 8 of the Family Court Act.

(b) The court, as appropriate, may make such award of costs or impose such financial sanctions against either an attorney or a party to the litigation or against both. Where the award or sanction is against an attorney, it may be against the attorney personally or upon a partnership, firm, corporation, government agency, prosecutor's office, legal aid society or public defender's office with which the attorney is associated and that has appeared as attorney of record. The award or sanctions may be imposed upon any attorney appearing in the action or upon a partnership, firm or corporation with which the attorney is associated.

(c) For purposes of this Part, conduct is frivolous if:

(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;

(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

(3) it asserts material factual statements that are false.

Frivolous conduct shall include the making of a frivolous motion for costs or sanctions under this section. In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.

(d) An award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case.

N.Y. Comp. Codes R. & Regs. tit. 22, § 130-1.1.

Section 130-1.1 "is a procedural rule that has been adopted by the Chief Administrator of the New York State courts. Most district court decisions . . . have held that section 130-1.1 is a state court procedural rule that is applicable only in the state courts." *In re Bagbag*, No. 08-12667

(MEW), 2020 WL 1304146, at *4 (Bankr. S.D.N.Y. Mar. 17, 2020) (citing *Purjes v. Plausteiner*, 2017 WL 6055047 at *2 (S.D.N.Y. Sept. 27, 2017); *Spirit Realty, L.P. v. GH&H Mableton*, 227 F.Supp. 3d 291, 302-03 (S.D.N.Y. 2017); *Harris v. Coleman*, 863 F.Supp. 2d 336, 345 (S.D.N.Y. 2012) ("This provision, however, is part of the Rules of the Chief Administrator of the New York State Courts governing judicial administration of the state courts, and is thus inapplicable to an attorney's conduct in federal court.")). On its face, the section only applies to civil actions or proceedings in the courts of the New York Unified Court System.

Based on the applicable law, Respondents are correct that Petitioner's request for fees under section 130-1.1 is not facially plausible as Petitioner cannot successfully move for attorneys' fees in this federal court action under section 130-1.1.

<u>Attorneys' Fees under Florida Law</u>

The Petition makes the following relevant allegations regarding Petitioner's entitlement to attorneys' fees under section 57.105:

> 17. On February 26, 2021, UBS filed its Answer to the Statement of Claim ("Answer"). In the Answer, Petitioner denied all allegations of misconduct and requested all attorney's fees and FINRA forum fees be assessed against Mr. Maskatiya, individually and as Trustee of the Trust, and MAM 1, as Claimants. UBS also submitted a Counterclaim in the Arbitration, expressly seeking attorney's fees, on February 26, 2021 (more than 21 days before the commencement of the hearing).
> …
>
> 20. On December 17, 2021, UBS sought attorney's fees related to the Arbitration hearing under the legal authority of New York Civ. R. R. §130.1.1 (a)-(b) and § 57.105(1), Fla. Stat. (2021), in its Pre-Hearing Brief filed in the arbitration, based on the frivolous claims brought by Mr. Maskatiya, the Trust, and MAM 1.
> …
>
> 22. At the close of the arbitration hearing, UBS requested an award of attorney's fees be assessed against Mr. Maskatiya, the Trust and MAM 1, the Claimants, for attorney's fees as expressly authorized by Florida and New York Law.

7

> 23. After considering the pleadings, the testimony and the documentary evidence, the Panel executed and acknowledged the arbitration award, dated January 27, 2022, which, in full and final resolution of the issues submitted for determination, unanimously denied the claims brought by Mr. Maskatiya, the Trust and MAM 1 in their entirety. Significantly, the Panel unanimously found "that the claims when initially presented to the Panel were not supported by the material facts necessary to establish the claims or would not be supported by the application of then-existing law to those material facts." (Exhibit A at p. 2-3, ¶3). This unanimous finding tracked the precise language set forth in the Section 57.105 of the Florida Statutes, requisite for an award of attorney's fees, thereby reflecting the Panel's unanimous considered judgment that UBS had established the statutory grounds requisite for an award of attorney's fees.

[DE 1].

> Section 57.105, Florida Statutes, states in relevant part that
>
> Upon . . . motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial: (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts.

Fla. Stat. § 57.105(1). The statute also states that "[a] motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fla. Stat. § 57.105(4)." Florida courts strictly construe statutes, such as section 57.105, that authorize the award of attorneys' fees in derogation of the common law." *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1352 (S.D. Fla. 2009) (citing *Sunshine Boating Ctr., Inc. v. Heuer,* 709 So.2d 625, 626 (Fla. 4th DCA 1998)).

8

First, the Court must consider whether Petitioner fully complied with the statute and provided proper notice to Respondents. The allegations establish that Petitioner sought attorneys' fees pursuant to section 57.105(1) in its February 26, 2021 Answer to the Statement of Claim, in its Pre-Hearing Brief dated December 17, 2021, and at the close of the arbitration hearing. Petitioner then renewed its request in the Petition filed in this case. In other words, Petitioner sought section 57.105 fees prior to the arbitration, and then Respondents lost at arbitration. The Arbitration Award was subsequently entered on January 27, 2022, and the Petition before the Court was filed on May 26, 2022. Logically, a motion served 21 days before the Petition in this court was filed would have accomplished nothing. At that point, Respondents could not drop or modify any claim under the safe harbor provision because they had already lost at arbitration. The matter was effectively concluded other than the confirmation of the Arbitration Award here in this federal court. Therefore, since the purpose of the safe harbor provision is to give Respondents an opportunity to drop or modify a claim during the safe harbor period and avoid fees, it would be inequitable to penalize Petitioner for not serving its motion 21 days before filing the Petition in this Court. Such a requirement defeats the purpose of the safe harbor provision and would be putting form over substance.

The question therefore becomes whether the request for section 57.105 fees made by Petitioner before and during arbitration complied with the requirements of the statute. In other words, the issue is whether Respondents were given proper notice and an opportunity to dismiss their claims before the arbitration proceeding began, and whether that notice was sufficient under section 57.105. The Court has carefully reviewed the primary case cited by both parties in their papers, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Silverman, Inc.*, No. 03-81174-CIV, 2005

WL 8180694 (S.D. Fla. May 20, 2005). In that case, the petitioner sought confirmation of the arbitration and an award of attorneys' fees under section 57.105 in federal court. *Id.* at *3. The court noted that, although the petitioner had reserved its right to seek attorneys' fees pursuant to section 57.105 in the underlying arbitration, the petitioner did not seek an award of attorneys' fees pursuant to section 57.105 in the complaint in federal court. *Id.* The court further noted that the petitioner "does not assert that it submitted a motion to Silverman seeking attorney's fees pursuant to the Florida Statutes Section 57.105 at least twenty-one days prior to asserting a claim under that Section in its Pre-trial Brief (DE 44)." *Id.* The court thus determined that the petitioner had not properly moved for attorneys' fees in the manner provided by section 57.105. *Id.*

The case at hand is distinguishable in that Petitioner did seek attorneys' fees pursuant to section 57.105 in the Petition filed in this court. However, it is also true here, as it was in *Silverman, Inc.*, that Petitioner did not serve upon Respondents a motion in the arbitration proceeding seeking attorneys' fees pursuant to section 57.105 at least 21 days prior to asserting the claim for fees in the Answer to Statement of Claim and Pre-trial Brief. In fact, Petitioner never served any motion whatsoever. Given the clear wording of the statute, it is clear that such a motion was required.

Petitioner is correct that FINRA Code Rule 12503(a)(2) does not require written motions to take "any particular form" and permits motions to "take the form of a letter, legal motion, or any other form that the panel decides is acceptable." However, the Court still rejects Petitioner's argument that it sufficiently complied with section 57.105. The Court questions whether FINRA's relaxed standard can avoid the specific requirements of a Florida statute such as section 57.105. And, even under this lax standard, Petitioner never served Respondents with a motion for attorneys' fees under 57.105 prior to filing its February 26, 2021 Answer to the Statement of Claim

10

and its Pre-Hearing Brief with the Panel, and thus did not abide with the letter of section 57.105 or even the intent behind the statute. Furthermore, the FINRA Code Rules do not negate the language of section 57.105, and Petitioner has not cited one case that is directly on point and supports its position.

Finally, the Court finds merit in Petitioner's argument that the Panel most likely felt that it was unable to determine fees under section 57.105(1) as the statute itself only permits a "court" to award a reasonable attorneys' fee. However, section 682.11(2), Florida Statutes, does state that "[a]n arbitrator may award reasonable attorney fees and other reasonable expenses of arbitration if such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding." And the parties did submit their requests for attorneys' fees to the Panel, which requests the Panel unquestionably reviewed and considered. Then, Petitioner opted not to move to vacate or modify the Arbitration Award even after the Panel considered awarding attorneys' fees but instead referred the attorneys' fees issue to "a court of competent jurisdiction in any action to enforce this award." Thus, even if the Panel did make a mistake, there is nothing this Court can do to correct that mistake. *Robert W. Baird & Co. Inc. v. SunAmerica Sec., Inc.*, 399 F. Supp. 2d 1314, 1319 (M.D. Fla. 2005) ("Further, the possibility that arbitration panel may have misapplied or misunderstood a state statute regarding attorney fees availability does not constitute manifest disregard of law."). On its face, Petitioner's claim for attorneys' fees under section 57.105, Florida Statues, is implausible and must be dismissed. And, therefore, under either New York of Florida law, Petitioner's claim for attorneys' fees fails.

V.      **CONCLUSION**

For all of the above reasons, the Undersigned **RECOMMENDS** that the District Judge

**GRANT** Respondents' Motion to Dismiss Petitioner's Claim for Attorneys' Fees ("Motion") [DE 15]. The Undersigned **RECOMMENDS** that Petitioner's Petition be dismissed to the extent that it seeks sanctions in the form of an award of its attorneys' fees and costs incurred in arbitration. However, as there is no dispute between the parties that the Arbitration Award be confirmed, the Undersigned Magistrate Judge **RECOMMENDS** that the District Judge confirm the Arbitration Award.

### IV. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of January 2023.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge